UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BIKRAMJIT SINGH,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,

Defendants.

Case No. 2:26-cv-2200-DJC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff filed this action June 2026 against the United States Citizenship and Immigration Services ("USCIS"), the Department of Justice, the Department of Homeland Security, and USCIS National Benefit Center. ECF No. 1. He alleges that he applied for an adjustment of his immigration status in December 2025 after his asylum application was granted. *Id.* at 5. Plaintiff had his appointment for his adjustment of status January 7, 2025, but since that time, USCIS has not issued a decision. *Id.* Plaintiff asks that a writ of mandamus issue compelling defendants to adjudicate his application for adjustment. *Id.* at 6.

On November 3, 2026, the government filed a "notice of adjudication; suggestion of mootness." ECF No. 9. Therein, the government states that plaintiff's application for adjustment

was approved on September 17, 2026. *Id.* at 1. In light of this change in circumstances, the government argues that this action is now moot. *Id.* at 2-3.

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id.* If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "[W]hen, by virtue of an intervening event, a court [ ] cannot grant 'any effectual relief whatever' in favor of the [plaintiff]," the proceeding should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted).

Because plaintiff's adjustment has been approved, there remains no relief for the court to grant. Accordingly, the case is moot and should be dismissed for lack of jurisdiction. *See Calderon*, 518 U.S. at 150; *Ruvalcaba*, 167 F.3d at 521. Should plaintiff disagree, he may file an objection to these findings and recommendations within fourteen days of this order's issuance.

Accordingly, it is hereby RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE